UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cr-20115-JLK/Becerra

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERTO CONSOLE,

    Defendant.

_____/

**ORDER DENYING OBJECTIONS TO REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendant's Objections, filed on February 15, 2022, (DE 42) to Magistrate Judge Jacqueline Becerra's Report and Recommendation, ("R&R") entered January 25, 2022 (DE 35). The Court has also considered the Government's Response (DE 45), filed March 2, 2022, and Defendant's Reply (DE 48), filed March 9, 2022.

## I. BACKGROUND

On February 25, 2022, a one-count indictment (DE 1) was filed accusing Defendant of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On April 1, 2021, Defendant was arrested (DE 6) and subsequently held in pretrial detention (DE 10). On October 15, 2021, Defendant filed a Motion to Suppress all evidence, including a firearm, obtained during a search and seizure conducted pursuant to a traffic stop on January 28, 2020. DE 19.

On December 15, 2021, Magistrate Judge Becerra conducted a hearing on Defendant's Motion to Suppress (DE 34), where the Government called two witnesses, Miami-Dade Police Officer Perez and Parole Officer Warren, and submitted body-cam footage, maps, and Defendant's

GPS monitor coordinates. Magistrate Judge Becerra's R&R recommends denying Defendant's Motion. Defendant timely filed his objections within the applicable 21-day extension of time.

## II. LEGAL STANDARD

The Court reviews the R&R *de novo*. 28 U.S.C § 636(b)(1). A *de novo* review requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## III.   ANALYSIS

In the R&R, Judge Becerra found that the officers had probable cause to stop the vehicle based on observations by law enforcement, that the officers lawfully removed Defendant from the vehicle as part of the traffic stop, and that additional reasonable suspicion was not needed to conduct the search. R&R at 13, 17. Additionally, Judge Becerra found that the officers lawfully conducted a pat-down search of Defendant upon removing him from the vehicle because of his demeanor and behavior during the traffic stop. R&R at 25.

Defendant objects to the R&R on three grounds. First, Defendant argues that the R&R incorrectly found that the officers had probable cause for their initial seizure of Defendant when the officer stopped the vehicle. Obj. at 2. Specifically, Defendant argues that Officer Perez did not observe the vehicle for enough time to recognize Defendant's vehicle (a black Jaguar) as the vehicle that committed the traffic infraction. Obj. at 3. Additionally, Defendant argues that the objective circumstances (i.e., the length of time between observing the traffic infraction and stopping the car, the position of the parked car on the street, and the description of the speeding car) do not support a finding of probable cause. R&R at 4–7.

In its Response, the Government points out the Detective's testimony that shows the car making two traffic infractions is the same car from which Defendant was removed. Resp. 1–2. According to Detective Perez, he observed the vehicle speeding and making an improper left turn. R&R at 5. Detective Perez testified that he turned around almost immediately after observing the vehicle commit the traffic infraction to stop the vehicle, and in doing so, lost sight of the vehicle for approximately fifteen to twenty seconds. *Id.* Further, Detective Perez testified that the vehicle at issue, which was parked on the street where he observed the vehicle turn, was the only vehicle he saw matching the description of the car that committed the traffic infraction: a small, black, sedan-style vehicle with clear windows. *Id.* Finally, Detective Perez testified that he believed, based on his observation of the car, that the parked car was the same car he observed earlier. *Id.*

A police officer may conduct a traffic stop if the "officer has probable cause to believe a violation of law has occurred[.]" *United States v. Weaver*, 145 Fed. Appx. 639, 641 (11th Cir. 2005). Such "violation of law" includes traffic infractions. *See United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998). Judge Becerra found Detective Perez's testimony credible and based on the facts in the testimony, he had probable cause to stop the vehicle. R&R at 13.

Second, Defendant argues that the R&R incorrectly found that Defendant was ordered out of the vehicle during a lawful traffic stop because the traffic stop had already concluded. Obj. at 7. Specifically, Defendant argues that all tasks related to the traffic stop had been concluded before Defendant was ordered out of the car, and unless the officers had reasonable suspicion of additional criminal activity, his removal from the car was impermissible. Obj. at 10. However, evidence introduced at the evidentiary hearing lead Magistrate Judge Becerra to correctly conclude that the traffic stop was still ongoing when Defendant was removed from the vehicle.

"The purpose of a traffic stop also includes attending to any related safety concerns, including 'the government's officer safety interest [that] stems from the mission of the stop itself.'"

3

*United States v. Burwell*, 763 Fed. Appx. 840, 850 (11th Cir. 2019) (quoting *Rodriguez v. United States*, 575 U.S. 348, 356 (2015)). Given the safety considerations that accompany a lawful traffic stop, "officers also may take steps that are reasonably necessary to protect their personal safety . . . including requiring the driver and passengers to exit the vehicle as a matter of course." *United States v. Gibbs*, 917 F.3d 1289, 1295 (11th Cir. 2019) (citation and quotation omitted) (emphasis removed).

The body-cam footage reviewed by Magistrate Judge Becerra depicted removal of Defendant as part of the traffic stop. "According to Detective Perez, he detained the driver in order to control the scene and safely investigate, given Defendant's behavior, and because he did not know what was in the vehicle. Detective Perez testified that he removed the driver from the car after returning the driver his license, and after ensuring that the car rental agreement was in order." R&R at 8. Therefore, the R&R correctly found that Defendant was lawfully ordered out of the car during the traffic stop because the body-worn camera depicts the officer's stating "pull him out" in reference to the Defendant while handing back the driver's paperwork and because of the short duration of the stop (seven minutes). R&R at 17.

Finally, Defendant argues that the R&R incorrectly found that there was reasonable suspicion to justify the removal of Defendant from the vehicle and conduct the frisk search of his person. Obj. at 10. Defendant argues there is no evidence to support the R&R's conclusion that the Defendant was acting "unusually nervous, particularly in comparison to the other occupants, including raising his hands without instruction," that his demeanor was "more defiant than the other passengers," and that he "appeared to be moving his hands in a manner that at least one officer, Detective Perez, described as a 'gun check.'" R&R at 21.

The Eleventh Circuit found there was reasonable suspicion that a defendant was armed and dangerous where a traffic stop occurred "in a high-crime area" and defendant "appeared nervous,

4

muttered, and would not make eye contact his right hand was shaking, and his left hand appeared to be holding an object in his waistband." *United States v. Tinker*, 618 Fed. Appx. 635, 636–37 (11th Cir. 2015); *see also United States v. Durrah*, 384 Fed. Appx. 970, 972 (11th Cir. 2010) (finding reasonable suspicion to remove a defendant from a vehicle and conduct a pat down search after the defendant made furtive motions with his hand towards his hip and refused to comply with officer orders). Additionally, an individual who is lawfully removed from a vehicle during a traffic stop "may be patted down for weapons if the officer has reason to believe that his own safety or the safety of others is at risk." *United States v. Burwell*, 763 Fed. Appx. 840, 850–51 (11th Cir. 2019) (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 112 (1977)). Detective Perez noted that during the traffic stop, Defendant provided short answers, and that he was "putting his hands up, checking his waistband, putting his hands up, checking his waistband." R&R at 7. Detective Perez testified that Defendant was "kind of resisting the officers," "shaking," and "didn't want to follow their commands" to stop moving. R&R at 8. When Detective Perez went over to Defendant, he observed that Defendant had his legs "clenched together . . . tight . . . as if he was trying to prevent something from falling down . . . his pants." *Id.* Because the Magistrate found him credible, and based on this testimony, there was sufficient reasonable suspicion to conduct a pat-down search of Defendant.

As stated above, the Magistrate considered the body-cam footage and correctly found removal was part of the traffic stop. Thus, the R&R correctly found that Defendant's behavior and demeanor during the traffic stop constituted reasonable suspicion to justify removing Defendant from the vehicle and to conduct a frisk search. R&R at 21, 25.

## IV. CONCLUSION

Judge Becerra carefully considered these arguments during the evidentiary hearing held before her and found there was no reason to question the credibility of the evidence presented.

Therefore, the Court having carefully considered these objections and the pleadings finds that Magistrate Judge Becerra's well-reasoned R&R (DE 35) accurately states the facts and law of the case.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that:

1. Defendant's Objections **(DE 42)** to Magistrate Judge Becerra's Report and Recommendation are hereby **DENIED**;

2. Magistrate Judge Jacqueline Becerra's January 25, 2022 Report and Recommendation **(DE 35)** be, and the same is, hereby **AFFIRMED** and **ADOPTED** as an Order of this Court; and

3. Defendant's Motion to Suppress Physical Evidence **(DE 19)** is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 10th day of June, 2022.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **Magistrate Judge Jacqueline Becerra**
**All counsel of record**